LEMMON, Judge
(concurring).
I concur with the majority that we are bound by the Supreme Court decision in the Palfrey case, although that opinion simply denied an application for a writ of certiorari, which is the weakest kind of precedential authority.
The present case is basically a political action and involves the interpretation of constitutional sections which designate who exercises the political power of appointing a person to fill a vacancy in an elected office. The key issue is whether the Governor’s appointment, authorized by Art. 7, § 69, subd. A(l) but made while the Senate was in recess, constitutes an “appointment, as provided by law” under Art. 7, § 93 which would effectively supercede the judges’ temporary appointment.
Defendant apparently concedes that the Governor’s appointment would be valid if confirmed by the Senate, but that the recess appointment provisions of Art. 5, § 12 are not applicable because this is a situation “otherwise provided for in the Constitution.” I view this reasoning as a very broad interpretation of the “temporary” appointive powers conferred on judges by Section 93 and a very narrow interpretation of the broad appointive powers conferred on the Governor by Section 69, subd. A(l).[1]
This case and the Palfrey decision reach the strange result that non-political officeholders get the political advantage of appointive power rather than the Governor, a political officer. Nowhere else in the Constitution do judges have the power of political appointment. Inasmuch as an appointment to a vacated elective office normally results in the appointee becoming the en-cumbent in the subsequent election and is in a practical sense tantamount to an endorsement of the appointee in that election, the majority interprets Section 93 as intending to allow judges to confer a very strong political advantage on their appointee.
In my opinion Section 93 should be interpreted as an expedient method of keeping the Clerk’s office running on a temporary basis when a vacancy occurs and not as a method for ultimately filling the vacancy by appointment. My interpretation is consistent with the plain meaning of the word “temporary” used in Section 93. Furthermore, my interpretation does not result in two temporary appointments, as stated in the Palfrey case. The judges’ appointment is temporary, lasting until the vacancy is filled by the Governor’s appointment (which can be done immediately) or by election if the Governor fails to appoint anyone; the Governor’s appointment is permanent, lasting (if the appointment is confirmed) until the vacancy is filled by election.
Considering together the provision of Art. 7, § 69, subd. A(l) and 93, and of *844 Art. 5, § 11 and 12, I conclude that Section 93 authorizes the judges to name a person to temporarily run the office of Clerk, but only until the Governor’s power of political appointment is exercised under the less immediate and more permanent authority of Art. 7, § 69, subd. A(1) and Art. S, § 12, which power can be exercised during legislative recess.

. Under this interpretation the Governor’s power to appoint a Clerk of Court is limited to three months out of 24, unless he calls a special session of the legislature.